Spain, J.
(dissenting). Because I find that defendant was deprived of due process of law by County Court’s failure to *1240 abide defendant’s motion, made prior to his reclassification hearing, for access to copies of all of the records that the Board of Examiners of Sex Offenders reviewed and listed in making its updated recommendations strongly opposing his request for a downward reclassification of his risk level classification, I would reverse the denial defendant’s application to modify his classification and remit for a rehearing. Accordingly, while expressing no opinion on the merits of defendant’s application for reclassification, I respectfully dissent.
Unlike the initial sex offender classification, for which the People bear the burden of proof (see Correction Law § 168-n [3]; People v Parker, 62 AD3d 1195, 1196 [2009], lv denied 13 NY3d 704 [2009]), it is the defendant who “bear[s] the burden of proving the facts supporting the requested modification by clear and convincing evidence” (Correction Law § 168-o [2]). Under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Board “is charged with the responsibility of making a recommendation to the sentencing court concerning a sex offender’s risk of recommitting a sexual offense based upon certain guidelines” (Matter of VanDover v Czajka, 276 AD2d 945, 946 [2000]; see Correction Law § 168-l [6]). The Board is similarly required to provide an updated report, upon request of the sentencing court, to aid in its resolution of petitions under Correction Law § 168-o to modify a classification (see Correction Law §§ 168-l [7]; 168-o [4]). While the sentencing court, of course, “is not bound by the recommendation of the Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender’s risk level based upon the facts and circumstances that appear in the record” (Matter of New York State Bd. of Examiners of Sex Offenders v Ransom, 249 AD2d 891, 891-892 [1998]; see People v Douglas, 18 AD3d 967, 968 [2005], lv denied 5 NY3d 710 [2005]), in practice, the Board’s recommendation is often among the most influential factors considered by a sentencing court in making its classification determination. Thus, in order to attempt to persuade the court and meet its burden of proof on a petition for reclassification, the defense will frequently focus its challenge on the underlying basis for the Board’s adverse recommendation.
Here, despite an uncontested prehearing request for materials listed by the Board in its update, defendant was not afforded access to two of the seven documents listed in the Board’s 2012 updated recommendation against reclassification. While SORA is essentially civil in nature (see People v Pettigrew, 14 NY3d 406, 408 [2010]), falling somewhere between a criminal proceed *1241 ing and an administrative one (see Doe v Pataki, 3 F Supp 2d 456, 470 [SD NY 1998]), “a ‘SORA determination undeniably has a profound impact on a defendant’s liberty interest’ ” (People v Gutierrez-Lucero, 103 AD3d 89, 98 [2012], lv dismissed 20 NY3d 1094 [2013], quoting People v Brooks, 308 AD2d 99, 105 [2003], lv denied 1 NY3d 502 [2003]; see People v David W., 95 NY2d 130, 137 [2000]; Doe v Pataki, 3 F Supp 2d at 466-468, 469-470). As with an initial determination, prior to which defendant is entitled to prehearing discovery (see Correction Law § 168-n [3]), I believe that principles of due process require that he be afforded access — through prehearing discovery — to all material considered on or influencing his reclassification petition (see Correction Law § 168-n [3]). Defendant’s right to submit “any information relevant to the review” of his reclassification request (Correction Law 168-0 [4]) would, in many cases, be rendered meaningless if he were not entitled to review and address all materials considered by the Board. In my view, depriving defendant of access to all records reviewed and listed by the Board in making its reclassification recommendation constituted, by any measure, a deprivation of defendant’s important right to discovery of “all matter material and necessary” to his reclassification petition (CPLR 3101 [a]). It also deprived him of his important due process right to discover, confront and respond to all material that may have influenced the Board’s recommendation, on which the court expressly relied (see People v David W., 95 NY2d at 137-138; Doe v Pataki, 3 F Supp 2d at 472-477). I do not find it to be dispositive that the court itself did not possess or rely upon the withheld materials, given that the court did expressly rely on the Board’s recommendation, which did consider the materials.
Finally, under Correction Law § 168-m, which requires disclosure to the Board of myriad “relevant information pertaining to a sex offender” to assist in the Board’s mandatory recommendation in an initial classification proceeding, allowance is made for the “[B]oard’s file” to be sealed; it also provides, among other things, that “in any subsequent proceeding in which the sex offender who is the subject of the sealed record is a party and which requires the [B]oard to provide a recommendation to the court pursuant to this article” — presumably including reclassification petition proceedings, as here — “such sealed record shall be available to the sex offender.” The clear import of that provision is that a sex offender, such as defendant herein, is entitled, in all SORA proceedings, to discovery of and access to materials in the Board’s file that may have influenced its penultimate recommendation. Moreover, “[t]he need for expediency cannot overshadow the fact that a critical *1242 decision was being made about defendant [under SORA]” (People v David W., 95 NY2d at 139). Therefore, I find that County Court abused its discretion in refusing to grant defendant an adjournment so that the requested documents could be obtained, which denial operated to deprive him of a fair hearing (cf. People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]). While it may be debatable whether the denial of this material operated to affect the court’s ultimate determination, given our inability to review the materials, which are not in the record, and the highly discretionary nature of these decisions, I cannot agree that the error was harmless or overlook the deleterious precedential value of an affirmance in this case.
Ordered that the order is affirmed, without costs.